IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**YVETTE BOYKIN,**

          Plaintiff,

v.

**KEYCORP AND ITS SUBSIDIARY,
KEY BANK NATIONAL ASSOCIATION, d/b/a
KEYBANK**
          Defendants.

_____/

Civil Action No.
03-CV-0944S(Sr)

## PLAINTIFF YVETTE BOYKIN'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to the provisions of Federal Rules of Civil Procedure 26 and 34, Plaintiff, Yvette Boykin, hereby requests that Defendants Keycorp and its subsidiary, KeyBank National Association ("KeyBank) produce the following described documents by mailing to the Plaintiff or for inspection and/or copying within 30 days of service at a place and time mutually agreed upon by the parties.

### DEFINITIONS

As used in these requests for production of documents the following definitions apply:

A. The term "Plaintiff" refers without limitation to Yvette Boykin, her attorneys, agents and representatives, and all persons acting on her behalf.

B. The term "Defendants" refer collectively to Keycorp and its subsidiary, KeyBank National Association d/b/a as KeyBank, its current and former officers,

directors, employees, attorneys, and representatives, and its predecessor or successor entities.

C. The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or," and the disjunctive "or" shall include the conjunctive "and."

D. The word "person" means any individual, entity of any kind, including, without limitation, a corporation, partnership or joint venture, or any other association or group of persons or entities.

E. The term "document" shall mean any thing on which information is stored or from which information can be retrieved including, but not limited to, any kind of written, typewritten, printed, recorded, computer produced, or graphic material, however produced or reproduced, brochures, drawing, graphs, photographs, microfilms, notes, memoranda, letters, telegrams, newspaper advertisements or articles, summaries and/or records of telephone conversations, summaries and/or records of personal conversations, diaries, notebooks, minutes, summaries, and/or reports of negotiations or investigations, analyses, projects, ledger sheets, accounts, journals, publications, contracts, records, tapes, transcripts or records and recording, and business records relating to the subject matter to which the respective interrogatory refers, and including, without limitation, originals, copies, drafts, and /or any other writings, whether signed or unsigned, regardless of whether approved, sent, received, redrafted, executed, erased or otherwise defaced or mutilated, from wherever obtained, now in the possession, custody, or control of Plaintiff, its agents, employees, and all persons acting on its behalf.

F.  The term "Complaint" shall mean that certain Complaint filed by Plaintiff in the United States District Court for the Western District of New York on or about December 19, 2003, initiating this action. The term "HUD complaint" shall mean the administrative complaint filed with the United States Department of Housing and Urban Development ("HUD") on or about August 8, 2001 and which was referred to the New York State Division of Human Rights ("DHR") for processing under its State's law.

G.  The term "loan" or "loan in issue" shall refer to the real estate refinancing loan Plaintiff applied for at KeyBank on or about August 1, 2001 for property she owned at 81 Walden Avenue in Buffalo, New York.

H.  The term "relate" or "relating to" is defined as showing, reflecting, being evidence of, memorializing, referring to, constituting, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the request for documents.

I.  The term "extended" or "extension of" when used with respect to credit generally or specifically with respect to consumer credit is meant to include, the granting of credit either initially or in addition to any existing credit or credit limit, credit granted pursuant to an open ended credit plan, the refinancing or other renewal of credit, the consolidation of two or more obligations, or the continuance of existing credit without any special effort to collect at or after maturity.

## INSTRUCTIONS

1. These requests apply to all documents in the possession, custody, or control of Defendants regardless of their location and regardless of whether such documents are

held by the agents, principals, employees, representatives, or attorneys of the defendant, or any other person.

2. These requests are continuing in nature. In the event the Defendant becomes aware of or acquires possession, custody, or control of additional responsive documents, the Defendant shall promptly produce such additional documents for inspection and copying as provided by Fed. R. Civ. P. 26(e).

3. All documents produced in response to an individual request shall be physically segregated from documents produced in response to any other requests, and the request to which they are responsive shall be specifically identified. If a document is responsive to more than one request, each of the requests to which the document is responsive shall be specified.

4. In producing the documents, all documents that are physically attached to each other shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained in the ordinary course of business in the file where found.

5. If an objection to a request is based upon a claim of privilege, attorney-work product, or any other basis, identify in writing each document so withheld by providing at least the following information:

(a) The title and the subject matter of the document;

(b) The title and the position of the sender of the document;

(c) The identity and position of each person who participated in the preparation of the document or on whose behalf the document was prepared;

(d) The identity and position of all persons (1) to whom the document was addressed, (2) to whom the document was sent, (3) who have seen the document, (4) who have possession or custody of the document, and (5) who have had disclosed to them any of the contents of the documents; and

(e) A detailed statement of the basis for withholding the document, including facts establishing any claim of privilege, facts showing that the privilege has not been waived, and the status of the person claiming the privilege.

7. Identify and produce all portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

8. Identify all responsive documents that have been lost, discarded, or destroyed. In so doing, state the type of document, its date, the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof.

9. Documents requested herein which have previously been provided or are maintained in connection with the subject matter of this litigation and the investigation of Plaintiff's HUD complaint need not be produced in response to this request. Such documents should be identified, however, by a brief description of the documents, the date such documents were provided and to whom they were provided.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Any and all documents related to Plaintiff's application for the loan in issue, including the application itself and related loan documents; all documents that relate to the denial of Plaintiff's loan application and that support Defendant's contention that the loan was a High Loan To Value.

2.

Any and all documents identified for Defendants' response in the contemporaneously served Plaintiff's First Continuing Interrogatories to Defendants.

3.

Any and all documents identified and relied on or referred to in Defendants' Rule 26 Initial Disclosures; provide a complete copy of the "Confidential" Policy and Procedure Manual from which documents Bates-numbered D0001 and D0002 appear to have been included.

4.

Any and all documents and related reports and disclosures Defendants submitted in compliance with Federal requirement under the Home Mortgage Disclosure Act of 1975 (HMDA) for the Buffalo metropolitan statistical area that covered the calendar year period from January 1, 2001 to December 31, 2001.

5.

Any and all documents that Defendants intend to introduce as exhibits during the trial of this case.

Submitted this 20th day of August 2008.

Yvette Boykin
*Pro Se* Plaintiff
4045 Rockey Valley Drive
Conley, Georgia
(404) 244-1742

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE BOYKIN,

                Plaintiff,

v.

KEYCORP AND ITS SUBSIDIARY,
KEY BANK NATIONAL ASSOCIATION, d/b/a
KEY BANK,

                Defendants.
_____/

**AFFIRMATION OF SERVICE**

Civil Action No.
03 CV 0944S(Sr)

      I affirm under penalty of perjury that I have caused a copy of the within and foregoing **Plaintiff's First Continuing Interrogatories To Defendants and Plaintiff's First Continuing Request For Production of Documents To Defendants** by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel for Defendants as follows:

Laurence B. Oppenheimer
Attorney for KeyBank, et al
1100 M&T Center, 3 Fountain Plaza
Buffalo, NY 14203

This 20th day of August 2008

Respectfully Submitted,

_____
Yvette Boykin
Plaintiff *Pro Se*
4045 Rockey Valley Drive
Conley, Georgia
(404) 244-1742