Case 1:03-cv-00944-WMS-HKS   Document 50   Filed 08/25/08   Page 1 of 10



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE BOYKIN,

        Plaintiff,

v.

KEYCORP AND ITS SUBSIDIARY,
KEY BANK NATIONAL ASSOCIATION, d/b/a
KEYBANK
        Defendants.

Civil Action No.
03-CV-0944S(Sr)

_____/

## PLAINTIFF YVETTE BOYKIN'S
## FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

Pursuant to provisions of Fed. R. Civ. P. 26 and 33, Plaintiff, Yvette Boykin, propounds these continuing interrogatories to Defendants, Keycorp and its subsidiary, KeyBank National Association, d/ba/KeyBank (collectively "KeyBank"). The interrogatories are to be answered in writing, under oath, and within the time period provided by law.

### INTRODUCTION, DEFINITIONS, AND PROCEDURES

A. Each interrogatory seeks information available to Defendants, its attorneys or agents, and all persons acting on its behalf. The term "Defendants" refers to Defendants, Keycorp and its subsidiary, KeyBank National Association, d/ba/KeyBank, the Defendants's components, employees, officers, agents, consultants, subcontractors and representatives. Accordingly, as used herein, the term "Plaintiff" refers without limitation to Plaintiff, Yvette Boykin.

B.     Each interrogatory calls for the knowledge actually possessed by Defendants, in addition to all knowledge that is available to the Defendants by reasonable inquiry, including inquiry of Defendants' representatives and attorneys.

C.     If the Defendants cannot answer any of the following interrogatories in full, after exercising due diligence to secure the information necessary to do so, the Defendants must answer to the extent possible, specify which portions of the interrogatory it is unable to answer, and describe whatever information or knowledge it has concerning the unanswered portion.

D.     If any information or documents are withheld on the grounds of privilege, so the Court and the parties can determine the validity of the claim of privilege, provide sufficient information to determine the identity of the document, or the nature of the information, and state the basis for any asserted claim of privilege. Specifically, identify:

(a) The author(s), address (es), recipient(s), present custodian and date of all such information or documents;

(b)    All other persons who have seen or learned of all or part of any such information or document;

(c)    The method by which, and reason why, each such person obtained access to such information or documents;

(d)    A description of each subject discussed, described or referred to in such information or document; and

(e)    The number of pages that make up the document and its attachments.

E.  If any response provided differs based on different time periods, specify the applicable time periods and explain how the responses differ according to those periods.

F.  Each interrogatory shall be deemed to be continuing so as to require prompt supplementation of responses as provided under law.

G.  Whenever Defendants is asked the "identity" of or to "identify" any natural person, state his or her (a) name; (b) last known business address and telephone number; (c) last known residence address and telephone number; (d) present business affiliation; (e) business affiliation at the time to which Defendants' answer relates; (f) relationship to the Defendants; and (g) race/ethnicity and gender.

H.  References to entities that are not natural persons, e.g., any corporations, partnerships, unincorporated associations, etc., include the general partners, officers, directors, shareholders, employees, agents, representatives, and attorneys of said entities.

I.  Whenever an interrogatory asks the "identity" or "description" of, or asks to "identify" or "describe," a document, writing or report, state (a) the date of the document and/or the date the document was created; (b) the identity of the author; (c) the identity of each recipient; (d) the nature or type (e.g., chart, memorandum, letter) and substance of the document; (e) the present location or last known location and custodian of the document; (f) the signatory if different from the author; and (g) the addressee.

J.  "Document" shall be construed as it is defined in Fed. R. Civ. P. 34. The term includes all types of materials in which information is recorded, regardless of the manner in which it is recorded. It includes, but is not limited to:

(a) Writings of every kind, typed and printed materials, electronic mail and archives of electronic mail, letters, telegrams, memoranda, diary entries, notes, schedules, graphs, charts, tabulations, analyses, computer printouts, disks, tapes, visual aids, slides, sound or mechanical reproductions, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached), whether or not the originals are in the possession, custody or control of Defendants.

(b) All attachments or enclosures to a document are deemed to be part of such document. When there are multiple copies of a writing with different notations, underlining, comments, or the like thereon, every copy shall constitute a separate writing.

(c) If any document is no longer in Defendants' possession, or subject to Defendants' control, state what disposition was made of it, the reasons for such disposition, the identity of the person currently having possession or control and the date the possession or control was relinquished by the Defendants; all with sufficient particularity to enable the documents to be identified in a motion to produce.

K. "And" and "or" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery any document or information that might otherwise be construed to be outside its scope. The terms "a," "an" and "any" include "all," and "all" includes "a," "an" and "any."

L. "Referring to" or "refer to" means directly or indirectly relating to or pertaining to the subject identified in the request.

M. "Relating to" or "relate to" means directly or indirectly concerning, referring to, or pertaining to the subject identified in the request.

N. The term "Defendants" refers to Defendants the Defendants' components, employees, officers, agents, consultants, subcontractors and representatives.

0. "Person" means the plural and the singular and includes any natural person, and any corporation, joint venture, or partnership, including but not limited to Defendants.

P. "Extended" or "extension of" when used with respect to credit generally or specifically with respect to consumer credit is meant to include the granting of credit either initially or in addition to any existing credit or credit limit, credit granted pursuant to an open ended credit plan, equity line of credit, the refinancing or other renewal of credit, the consolidation of two or more obligations, or the continuance of existing credit without any special effort to collect at or after maturity.

Q. "Routinely" is defined as referring to the Defendants' usual or customary business practices.

R. The term "Complaint" shall mean that certain Complaint filed by Plaintiff against Defendants on or about December 19, 2003 in the United States District Court for the Western District of New York; the term "HUD Complaint" shall mean the administrative complaint filed with the United States Department of Housing and Urban Development ("HUD") on or about August 8, 2001, which was subsequently referred to

the New York State Division of Human Rights ("DHR") for processing under its State law.

S.      The term "loan" or "loan in issue" shall refer to the real estate financing loan Plaintiff applied for in or around August 1, 2001 for real estate located at 81 Walden Avenue in Buffalo, New York.

## INTERROGATORIES

1.

Identify all persons who have knowledge of or information concerning any of the facts alleged in the Complaint, including but not limited to, any of the facts surrounding the loan in issue, and for each person identified, state the fact of which that person has knowledge or information.

2.

Identify all persons from whom Defendant has obtained written or oral statements regarding the subject matter of this litigation, the date each such statement was taken or made, the person who obtained the statement, the information contained within said statement, and identify all persons who assisted in the preparation of such statements.

3.

Describe each and every standard, criteria or guideline, whether formal or informal, written or oral, that was used by the Defendants to evaluate its consumer loan applicants for residential real estate loans during the period January 1, 2001 to December 31, 2001, and identify all documents referring or relating to such standards or criteria.

Include in this description all triggering events or requirements, if any, that must occur for the Defendants to apply this standard or criteria. Also include in the description all circumstances under which the standard or criteria was waived or suspended.

4.

Describe each and every category of information pertaining to alternative financing opportunities offered by KeyBank that were available to loan applicants for real estate financing for non-owner occupied properties during the period January 1, 2001 to December 31, 2001. If the information varied at any time during this period, state the change, the date such change was effected, and the reasons for such changes.

5.

Explain fully and in detail the reason(s) Plaintiff's application for the loan in issue was denied and identify each and every individual who took part in the determination or decision for said denial. State whether or not any alternative financing opportunities were offered to Plaintiff to pursue after the loan in issue was denied; if offered, describe such opportunities.

6.

Describe in detail the procedures, step by step, that were routinely followed by Defendants at any time during the period January 1, 2001 to December 31, 2001 in making the decision to extend or not to extend consumer credit to a residential real estate loan applicant in setting terms and conditions of consumer loans including the interest rate and closing costs, and in reviewing those decisions; and describe when and how, if at all, Defendants varied from these established procedures. Identify any changes in these

practices that occurred during the designated time period; the reasons for such changes; and identify all documents that set forth these practices or procedures to be followed.

7.

Identify and provide detailed information concerning each and every person who applied for, received, or was denied a residential real estate financing loan from the Defendants during the time period, January 1, 2001 to December 31, 2001 for non-owner occupied properties located in the Buffalo, New York metropolitan area. Include in the information, the person's resident address during the above period, if the person(s) is an existing customer(s), who was refinancing a loan; address of property and census tract or zip code, if available; date of loan application and date approved or denied; if denied, provide reason for denial; type of loan and amount of loan approved, race/ethnicity and gender of person (s).

8.

Describe all claims of discrimination in lending on the basis of any category protected by the Equal Credit Opportunity Act (ECOA) or the Fair Housing Act (FHA), whether formal or informal that have been asserted against the Defendants, or agent or employee of the Defendants, at any time since January 1, 1998. Include in this description the name(s) of the claiming party, the name(s) of the Defendants(s), the court or agency in which the claim was filed, the action number assigned the claim by the court or agency, the date the claim was filed, the manner in which the claim was resolved or whether it is still pending and briefly state the underlying facts.

9.

State whether Defendants have instructed any employees or agents who are involved with in the extension of credit with respect to the requirements of or compliance with the laws designed to prevent discrimination lending such as the ECOA or FHA. If instructions have been given, state whether they have been oral or in writing. If oral instructions have been given, identify each person who gave such instructions, the date each instruction was given, the content of each instruction, and each person receiving each instruction. If written instructions have been given, identify all documents relating to such instructions and the persons receiving each and state the date each was given.

10.

To the extent that any of the facts asserted in response to these interrogatories are based on information provided by a person(s) other than the individual signing these interrogatories, identify by interrogatory with respect to each particular fact asserted, the persons who provided the information on which you rely.

Submitted this 20th day of August, 2008.

Yvette Boykin
Plaintiff *Pro Se*
4045 Rockey Valley Drive
Conley, Georgia
(404) 244-1742

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE BOYKIN,                                    **AFFIRMATION OF SERVICE**

        Plaintiff,                        Civil Action No.
                                                   03 CV 0944S(Sr)
  v.

KEYCORP AND ITS SUBSIDIARY,
KEY BANK NATIONAL ASSOCIATION, d/b/a
KEY BANK,

        Defendants.
_____/

      I affirm under penalty of perjury that I have caused a copy of the within and foregoing **Plaintiff's First Continuing Interrogatories To Defendants and Plaintiff's First Continuing Request For Production of Documents To Defendants** by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel for Defendants as follows:

      Laurence B. Oppenheimer
      Attorney for KeyBank, et al
      1100 M&T Center, 3 Fountain Plaza
      Buffalo, NY 14203

This 22th day of August 2008

                                Respectfully Submitted,

                                Yvette Boykin
                                Plaintiff *Pro Se*
                                4045 Rockey Valley Drive
                                Conley, Georgia
                                (404) 244-1742