IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE BOYKIN,

        *Plaintiff,*



Civil Action No.
03-CV-0944S(Sr)

vs.

**KEYCORP AND ITS SUBSIDIARY,
KEY BANK NATIONAL ASSOCIATION, d/b/a
KEYBANK**

        *Defendants.*

_____/

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Yvette Boykin, objects and responds to Defendant KeyBank's First Set of Interrogatories (the Interrogatories"), as follows:

### GENERAL OBJECTIONS

Plaintiff objects to the Interrogatories to the extent that:

(1)    The Interrogatories seek information not relevant to the issues raised in this action and are not reasonably calculated to lead to the discovery of admissible evidence;

(2)    The Interrogatories seek information protected by the attorney-client privilege, the work product rule or any other protection or privilege recognized by law;

(3)    The Interrogatories are overly broad or unduly burdensome and a full and

complete response to the Interrogatories would subject Plaintiff to undue burden and expense;

(4) The Interrogatories seek to impose burdens beyond those contemplated by Federal Rules of Civil Procedure 26 or 33;

(5) The Interrogatories seek information or documents already in the custody, control, or possession of Defendant or previously provided to Defendant or their agents;

(6) The Interrogatories seek information or documents not within Plaintiff's custody, control, or possession;

(7) The Interrogatories seek confidential or personally sensitive information;

(8) The Interrogatories are too vague and ambiguous to allow Plaintiff to formulate a full and complete response; and

(9) Plaintiff's response to each Interrogatory is based on information and documents currently available and obtained after a reasonable diligent search. Plaintiff reserves the right to supplement her response to the Interrogatories as additional information and documents come to light in the course of discovery and preparation for trial.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

State the name, address and telephone number of each person, including experts, interviewed by you or on your behalf concerning any of the facts or issues involved in this lawsuit.

**RESPONSE**

Plaintiff has not conducted interviews of any persons, including experts or is aware of any interviews conducted on Plaintiff's behalf concerning any of the facts or issues involved in this lawsuit.

**INTERROGATORY NO. 2:**

For each such person identified in Interrogatory No. 1 above, state the date and location of the interview, and the name, address and telephone number of every individual present at the interview, whether any document, electronically stored information, or tangible thing exists concerning such interview and, if so, describe each such document.

**RESPONSE**

Plaintiff has not identified any persons in Interrogatory No.1 above.

**INTERROGATORY NO. 3:**

Summarize the substance of the personal knowledge of the facts or issues involved in this lawsuit of each person identified by you in response to Interrogatory Nos. 1 above.

**RESPONSE**

Plaintiff has not identified any persons in Interrogatory No.1 above.

**INTERROGATORY NO. 4:**

Identify each loan application that you made to any bank, lender, financial institution or any other entity, during the period from January 1, 2000 through December 31, 2002, including the date of the application; the amount applied for; the identify of the bank, lender, financial institution, or entity; the type of loan and if a mortgage or home

3

equity loan or line of credit, identify the property to which such application applied; and whether or not such application was granted or denied.

**RESPONSE**

Plaintiff objects to Interrogatory No. 4 on the grounds that it is overly broad and seeks information not relevant to the issues raised in this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of her objections, Plaintiff provides the following information concerning loans she applied for during the above period to refinance the existing loan for the subject property of this lawsuit, located at 81 Walden Ave., Buffalo, New York:

1. June 2001 from NationsBank d/b/a EquiCredit/Bank of America, Jacksonville, Florida for mortgage loan of $28,000; loan denied.

2. August 1, 2001 from KeyBank, Main St. Branch, Buffalo, New York. Home Equity loan (no documentation of amount) denied.

3. August 2, 2001 from American Equity Services, Inc., 300 Cayuga Road, Cheektowaga, NY 14225 for $25,000. Home Equity loan granted with Citibank (New York State).

**INTERROGATORY NO. 5:**

State the name, address and telephone number of each person you have spoken to about the claims set out in the Complaint.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, seeks information not relevant to the issues raised in this action, not

4

reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited in scope, to the extent it seeks information protected by applicable privilege or doctrine recognized by law and to the extent it seeks confidential information related to individuals who are not parties to this lawsuit and who have not agreed to have their personal information released.

Subject to and without waiver of her objections, Plaintiff states that she has spoken to numerous persons, including friends, relatives, classmates, colleagues, former coworkers, church members, fitness instructors, college professors/instructors, loan officers, mortgage finance and real estate specialists; officials with the U.S. Department of Housing and Urban Development (HUD) and the New York State Division of Human Rights (DHR); Plaintiff's medical doctor, pastor, and psychologists; various attorneys, law firm personnel, newspaper journalists, and representatives from national civil rights and legal services organizations about the claims set out in the Complaint.

**INTERROGATORY NO. 6:**

Identify each and every lawsuit or administrative claim or complaint of discrimination that you filed or that was filed on your behalf during the period from January 2000 through the present.

**RESPONSE**

Plaintiff is the only person who has filed such claims, complaints or lawsuits. They are as follow:

Complaints of discrimination/Administrative claims – Civil Rights

1. Yvette Boykin v. Bank of America, NA, Case # 301259; filed

5

August 1, 2001 with Office of the Comptroller of the Currency Houston, Texas;

2. Yvette Boykin v. KeyBank, NA, Case # 301260; filed August 8, 2001 with Office of the Comptroller of the Currency, Houston, Texas

3. Boykin, Yvette I v. Consumer Finance Group/Bank of America; filed with HUD New York Office on August 30, 2001, Case # 02-01-0598-8; referred to DHR for investigation, Case #7-H-RS-01-7904325H

4. Boykin, Yvette I v. KeyBank National Association, filed with HUD New York Office on September 17, 2001, Case # 02-01-0646-8; referred to DHR for investigation, Case # 7-H-RS-01-7904331H;

Lawsuits-Civil Rights

1. Yvette Boykin v. Bank of America et al, DHR and HUD; filed November 13, 2003, United States District Court, Northern District of Georgia, Atlanta Division; File No. 1-03-CV-3467-MHS; Appeal filed on June 21, 2005 with United States Court of Appeals For The Eleventh Circuit, No.05-13494; Petition For Writ of Certiorari filed with Supreme Court of the United States on March 17, 2006, Case No. 05-1211;

2. Yvette Boykin v. KeyBank, et al, DHR and HUD, filed December 19, 2003, United States District Court, Western District of New York, Buffalo. No. 03-CV-0944S(Sr); Appeal filed on April 25, 2005, United States Court of Appeals For the Second Circuit, New York, No. 05-2158-CV.

**INTERROGATORY NO. 7:**

State the factual basis for the allegation contained in paragraph 9 of the Complaint that "Plaintiff-Applicant met all financial and credit requirements of Defendant Key and was in all respects qualified to receive a real estate transaction."

**RESPONSE**

Plaintiff is unable to fully respond to Interrogatory No. 7 above at his time as she intends to rely on information that may become available or apparent during the course of discovery in this case. Subject to and without waiver of her objections, Plaintiff states that the factual basis for the allegation appears to be partially supported by statements made by KeyBank's Relationship Manager, Kerwin Kelley, during his November 9, 2001 interview with DHR Interviewer, Bruce Messinger, which reads, in part, as follows: " Mr. Kelly stated at the time Complainant made out the application he told her the loan was conditionally approved...conditional means verifications of credit, income, ..." Additionally, KeyBank provided Plaintiff with a Good Faith Estimate, dated August 1, 2001.

**INTERROGATORY NO. 8:**

State the factual basis for the allegations contained in paragraph 10 of the Complaint that "Plaintiff-Applicant was treated differently from similarly situated loan applicants not in the protected classes, despite her qualifications for the loan because of her race, sex and the location of the property in a predominantly African American neighborhood: and/or "persons who were not members of the protected classes received loans and were more favorable treated in the loan application process than Plaintiff-

7

Applicant with regard to the same or similar types of properties owned by Plaintiff-Applicant."

**RESPONSE**

Plaintiff is unable to fully respond to Interrogatory No. 8 above at his time as she intends to rely on information that may become available or apparent during the course of discovery in this case. Subject to and without waiver of her objections, Plaintiff states that the factual basis for the allegation appears to be partially supported by information provided by Key Bank, N.A. on applications for non-owner occupied home improvement loans from January 1, 2001 – October 1, 2001.

**INTERROGATORY NO. 9:**

State the factual basis for the allegation contained in paragraph 13 of the Complaint that "Defendant Key's 'lending Policy Guidelines'…was not uniformly applied."

**RESPONSE**

Plaintiff is unable to fully respond to Interrogatory No. 9 above at his time as she intends to rely on information that may become available or apparent during the course of discovery in this case. Subject to and without waiver of her objections, Plaintiff states that the factual basis for the allegation appears to be partially supported by information contained in KeyBank's "Policy Guidelines" regarding " Out of Area Loans". Additionally, KeyBank's Loan Officer, Mr. Kelley, admitted that he did not know about the policy prior to the day Plaintiff's application was denied.

**INTERROGATORY NO. 10:**

State the factual basis for the allegation contained in paragraph 13 of the Complaint that "Defendant Key utilizes a formula, criterion, rationale, standard of acceptance or business policy of reviewing loan applications, which ...disproportionately denied loan application for protected individuals and for the types of protected residential areas in which her property is located."

**RESPONSE**

Plaintiff is unable to respond to Interrogatory No. 10 above at his time as she intends to rely on information that may become available or apparent during the course of discovery in this case. Subject to and without waiver of her objections, Plaintiff states that the factual basis for the allegation appears to be supported by information contained in KeyBank's "Policy Guidelines" regarding " Out of Area Loans" and statements made by Rebecca S. Ruppert, Senior Vice President and Senior Managing Counsel for KeyBank in her letter to DHR, dated October 2, 2001, concerning these Guidelines and "other possible alternatives" that Ms. Ruppert states Plaintiff "could pursue to obtain the desired financing through KeyBank".

**INTERROGATORY NO. 11:**

With respect to the allegation in Plaintiff's Initial Disclosures, dated August 6, 2008, that Plaintiff received "professional counseling," identify each counselor, physician, psychologist, psychiatrist, or other individual who Plaintiff received treatment from as a result of the conduct alleged in the Complaint.

9

**RESPONSE**

Susan W. Morris, Psychologist, Dekalb Community Service Board, 445 Winn Way, P.O. Box, 1648, Decatur, Georgia 30031; Daniel Serritella, Ph.D., P.C., P.O. Box 2293, Jonesboro, Georgia 30237; Rev. James Douglas Childers, Senior Pastor, Cedar Grove United Methodist Church, P.O. Box 325, Conley, Georgia 30288;

DATED: September 19, 2008

By: /s/ Yvette Boykin
Yvette Boykin
Plaintiff *Pro Se*
4045 Rockey Valley Drive
Conley, Georgia
(404) 244-1742

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE BOYKIN,                                    **AFFIRMATION OF SERVICE**

            Plaintiff,                    Civil Action No.
                                                       03 CV 0944S(Sr)

    v.

KEYCORP AND ITS SUBSIDIARY,
KEY BANK NATIONAL ASSOCIATION, d/b/a
KEY BANK,

            Defendants.
_____/

      I affirm under penalty of perjury that I have caused a copy of the within and foregoing Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Plaintiff's Objections and Responses to Defendant First Request For Production of Documents by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel for Defendants as follows:

    Laurence B. Oppenheimer
    Attorney for KeyBank, et al
    1100 M&T Center, 3 Fountain Plaza
    Buffalo, NY 14203

Dated: September 19, 2008

                                                 Respectfully Submitted,

                                                 Yvette Boykin
                                                 Plaintiff *Pro Se*
                                                 4045 Rockey Valley Drive
                                                 Conley, Georgia
                                                 (404) 244-1742

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVETTE BOYKIN,

                Plaintiff,

v.

KEYCORP AND ITS SUBSIDIARY,
KEY BANK NATIONAL ASSOCIATION, d/b/a
KEY BANK,

                Defendants.
_____/

**AFFIRMATION OF SERVICE**

Civil Action No.
03 CV 0944S(Sr)

      I affirm under penalty of perjury that I have caused a copy of the within and foregoing Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Plaintiff's Objections and Responses to Defendant First Request For Production of Documents by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel for Defendants as follows:

      Laurence B. Oppenheimer
      Attorney for KeyBank, et al
      1100 M&T Center, 3 Fountain Plaza
      Buffalo, NY 14203

Dated: September 19, 2008

                              Respectfully Submitted,

                              */s/ Yvette Boykin*
                              Yvette Boykin
                              Plaintiff *Pro Se*
                              4045 Rockey Valley Drive
                              Conley, Georgia
                              (404) 244-1742